IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| RICHARD CARLSON, ) | |
| ) | CASE NO. BK04-41534 |
| Debtor(s). ) | A04-4067 |
| PHILIP KELLY as trustee of the ) | (Lead case) |
| bankruptcy estate of Richard ) | |
| Carlson, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| LELAND CARLSON, ) | |
| ) | |
| Defendant. ) | |
| IN THE MATTER OF: ) | |
| ) | |
| SUSAN CARLSON, ) | |
| ) | CASE NO. BK04-41527 |
| Debtor(s). ) | A04-4066 |
| SUSAN CARLSON, ) | |
| ) | |
| Plaintiff, ) | CH. 12 |
| ) | |
| vs. ) | |
| ) | |
| LELAND CARLSON, ) | |
| ) | |
| Defendant. ) | |

<u>ORDER</u>

This matter is before the court on the defendant's motion for summary judgment (Fil. #52), resistance by plaintiff Susan Carlson (Fil. #63), and reply by the defendant (Fil. #64). W. Eric Wood represents Susan Carlson, and Richard Beheler represents Leland Carlson. The motion was taken under advisement as submitted without oral arguments.

The motion will be granted.

Richard and Leland Carlson are brothers. Richard and Susan are husband and wife. Money was borrowed from Leland pre-petition and real property was subsequently transferred to him in payment of the debt. Both debtors filed for bankruptcy protection less than a year

after the transfer of the real estate.[1] Susan filed this preference action against Leland under 11 U.S.C. § 547 to set aside the transfer for the benefit of the estate. Leland has now filed a motion for summary judgment asserting that Susan is unable to prove two elements necessary to set aside a preference. Specifically, Leland argues that Susan cannot establish insolvency or the existence of an antecedent debt.

The Bankruptcy Code at 11 U.S.C. § 547(b) provides:

> [T]he trustee may avoid any transfer of an interest of the debtor in property —
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made —
>   (A) on or within 90 days before the date of the filing of the petition; or
>   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if —
>   (A) the case were a case under chapter 7 of this title;
>   (B) the transfer had not been made; and
>   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Susan admits that the complaint was in error and that she is not and has not been indebted to Leland, but because Leland filed three proofs of claim in her bankruptcy case, to which she has objected, she believes an issue of material fact exists in this regard.

For preference purposes, a debtor is presumed to be insolvent on and during the 90 days preceding the petition date. § 547(f). Insolvency occurs when the fair market value of the debtor's property is insufficient to pay his debts. <u>Hoffinger Indus., Inc. v. Bunch (In re Hoffinger Indus., Inc.)</u>, 313 B.R. 812, 817 (Bankr.

---

[1] Because Leland and the debtor are related by marriage within the third degree, Leland is an insider for purposes of this action. 11 U.S.C. § 101(31)(A)(i) & (45).

E.D. Ark. 2004) (citing Bergquist v. Anderson-Greenwood Aviation Corp. (In re Bellanca Aircraft Corp.), 56 B.R. 339, 385 (Bankr. D. Minn. 1985)).

     A defendant in a preference action may rebut this presumption by coming forward with some evidence of solvency. Hoffinger Indus., 313 B.R. at 818. The debtor's schedules indicate that she was solvent at that time. However, she argues that because $5.5 million in claims have been filed in the case, solvency is a material factual issue.

     The parties agree there was no antecedent debt owed by Susan to Leland; therefore, regardless of solvency or insolvency, there is no basis for this preference action. The motion is granted.

     IT IS ORDERED: The defendant's motion for summary judgment (Fil. #52) is granted. Separate judgment will be entered.

     DATED:    October 12, 2005

                                        BY THE COURT:

                                        /s/ Timothy J. Mahoney
                                        Chief Judge

Notice given by the Court to:
    *Richard Beheler
    W. Eric Wood
    Philip Kelly
    Richard Lydick
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.